UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN SHELBY STARTZ,<br>Plaintiff(s),<br>v.<br>MERIT SYSTEMS PROTECTION BOARD, et al.,<br>Defendant(s). | CASE NO. C26-5635-KKE<br><br>ORDER CONSOLIDATING CASES, GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT, AND DENYING STIPULATED MOTION |

This matter comes before the Court on its own motion. For the reasons outlined below, the Court *sua sponte* CONSOLIDATES *Startz v. Merit Systems Protection Board*, No. 26-cv-05635-KKE (W.D. Wash.) and *Startz v. Department of the Army*, No. 25-cv-06121-KKE (W.D. Wash.) ("*Startz I*").

On September 3, 2026, the Court issued an order to show cause, ordering Plaintiff to identify any related actions and address whether the instant case should be consolidated with *Startz I*, which is also pending before the undersigned judge. Dkt. No. 21. Startz opposed consolidation, arguing it would prejudice the instant case and "create procedural complexity." Dkt. No 22 at 1–2. Specifically, Startz noted that the cases are at materially different procedural stages and involve different defendants and legal theories. *Id.*

Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact. *See Pierce v. Cnty. of Orange*,

526 F.3d 1190, 1203 (9th Cir. 2008); *Investor's Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (district court has "broad discretion" to consolidate actions pending in the same district). A court may consolidate actions *sua sponte*, without a motion from the parties. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court ... and trial courts may consolidate cases *sua sponte*."). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result from consolidation. *See Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 2006 WL 2329466, *1 (N.D. Cal. 2006) (granting consolidation where common questions of law and fact exist, and judicial economy would be served); *Butler v. Raugh*, No. C19-964-RSM, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties").

The Court finds that both actions share common questions of law and fact such that consolidation is proper here. As Startz acknowledges, both actions arise from his allegedly retaliatory termination as a GS-9 Construction Control Inspector at Fort Wainwright, Alaska. Dkt. No. 22 at 1. And though the causes of action are not identical, both cases raise Freedom of Information Act, Privacy Act, and retaliation claims relating to this termination. *See generally Schofield v. Cnty. of Los Angeles*, No. CV 22-5590-JGB (AS), 2025 WL 2633117, at *2 (C.D. Cal. Aug. 18, 2025) (consolidating cases that were "not identical" where they "contain[ed] parallel claims based on the same underlying ... proceedings"), *report and recommendation adopted*, No. CV 22-5590-JGB (AS), 2025 WL 3079908 (C.D. Cal. Oct. 31, 2025); *Raddue v. Liberty Media Corp.*, No. 2:23-CV-02124-GMN-NJK, 2024 WL 1765041, at *1 (D. Nev. Apr. 23, 2024)

("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law." (citation modified)). Moreover, though *Startz I* was filed 13 months before the instant case, the cases are not at materially different procedural stages—the defendants in *Startz I* recently filed a motion to dismiss, and the instant case is pending an amended complaint, which will trigger a motion to dismiss soon thereafter. *See* Dkt. No. 25 (defendants expressing intent to file motion to dismiss). *See generally Gardner v. CafePress Inc.*, No. 3:13-CV-1108-GPC-JLB, 2014 WL 7183600, at *2 (S.D. Cal. Dec. 16, 2014) (consolidating cases despite difference in procedural postures). Finally, although the actions name different defendants, courts routinely consolidate cases with different defendants where, as here, the cases share common questions of law and fact. *See, e.g.*, *Johnson v. Monts*, No. 3:23-CV-05972-TMC, 2024 WL 115683, at *1 (W.D. Wash. Jan. 10, 2024); *Jang v. Sagicor Life Ins. Co.*, No. EDCV1701563JGBKKX, 2017 WL 7362726, at *3 (C.D. Cal. Nov. 9, 2017). Accordingly, the Court concludes that principles of judicial economy support consolidation of these two cases.

Accordingly, the Court ORDERS as follows:

1. *Startz v. Merit Systems Protection Board*, Case No. 26-cv-05635-KKE (W.D. Wash.) and *Startz v. Department of the Army*, No. 25-cv-06121-KKE (W.D. Wash.) are CONSOLIDATED under Federal Rule of Civil Procedure 42(a) for all purposes. All future documents shall bear the caption C26-5635-KKE, which shall remain open and be considered the master case.
2. As to pending motions in Case No. 25-cv-06121:
    a. Defendants' motion to dismiss the third amended complaint (Dkt. No. 45) is DENIED without prejudice to refiling in the consolidated case.
3. As to pending motions in Case No. 26-cv-05635:

a. The Court GRANTS Plaintiff's motion for leave to file a second amended complaint. Dkt. No. 20. However, Plaintiff should be mindful that Rule 15 does not allow him unlimited opportunities to amend his complaint. Plaintiff shall file an amended consolidated complaint in the master case no later than October 30, 2026. The amended consolidated complaint should include all defendants and causes of action in the instant case and in Case No. 25-cv-06121.

b. The parties' stipulated motion for extension of time to respond to the first amended complaint is DENIED as moot. Dkt. No. 25.

4. Defendants shall file a consolidated motion to dismiss in the master case no later than November 30, 2026.

5. The Clerk is DIRECTED to administratively close *Startz v. Department of the Army*, No. 25-cv-06121-KKE (W.D. Wash.).

Dated this 1st day of October, 2026.

Kymberly K. Evanson
United States District Judge