UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN SHELBY STARTZ,<br><br>Plaintiff(s),<br>v.<br><br>MERIT SYSTEMS PROTECTION BOARD, et al.,<br><br>Defendant(s). | CASE NO. C26-5635-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RE-SERVICE AND EXTENSION OF TIME AS MOOT |

On October 1, 2026, Plaintiff filed a motion requesting that the Court direct the Marshals Service to re-serve three Defendants in this case: Colonel Nathan Surrey, Stacey Mason Keeley and Gwendolyn L. Smith. Dkt. No. 28.[1] Plaintiff asserts that the Marshals were unable to previously serve these three defendants where they are no longer at their last-known addresses. *Id.* at 3. Plaintiff also requests that the Army provide the Marshals Service with the updated addresses of these Defendants so that he may re-serve them. *Id.* at 4–5.

The Court denies Plaintiff's motion as MOOT (Dkt. No. 28) where counsel has appeared on behalf of all three of these Defendants and filed a motion to dismiss. *See* Dkt. No. 45, Motion to Dismiss, *Startz v. Department of the Army*, Case No. 25-cv-06121 (W.D. Wash. Sept. 29,

[1] Plaintiff also requests that his deadline to serve Defendants be extended.

2026).[2] "Numerous cases have held that a defendant waives defenses such as lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process if he files a motion to dismiss under Rule 12(b), but does not include such defenses in his motion." *Cepero v. Las Vegas Metro. Police Dep't*, No. 211CV01421JADGWF, 2018 WL 5043775, at *4 (D. Nev. Oct. 16, 2018); *see also Shenzhen Zehuijin Inv. Ctr., Ltd. P'ship v. Yingkui*, 185 F.4th 866, 874 (9th Cir. 2026) ("[T]he defense of insufficient service of process … is waived if available and not raised in a defendant's motion to dismiss."). The motion to dismiss did not raise any defenses based on insufficiency of service. Defendants have thus waived any challenge to service of process, and further attempts to serve these three defendants are no longer necessary. *See generally Hernandez v. T-Mobile, USA, Inc.*, No. 3:23-CV-498, 2024 WL 5673309, at *2 (M.D. Pa. Feb. 14, 2024) ("Counsel has already appeared on behalf of all Defendants making the expense of refiling the complaint and properly serving summonses unnecessary."); *see also Shenzhen Zehuijin*, 185 F.4th at 874. As stated in counsel's notice of appearance, service of all future pleadings, notices, and documents may be made upon Defendants by serving Defendants' counsel at the address contained in the notice. *See* Dkt. No. 44, Notice of Appearance, *Startz v. Department of the Army*, Case No. 25-cv-06121 (W.D. Wash. Sept. 29, 2026).

Dated this 8th day of October, 2026.

Kymberly K. Evanson
United States District Judge

[2] This case was consolidated with the instant case on October 1, 2026. *See* Dkt. No. 27.